Case number 22-1239. Roger Meidinger Sr. Appellant v. Cmsnr of Internal Revenue. Ms. Stone-Seifer, I mean Ms. Gariai, Mr. Meidinger for the appellant, Ms. Avetta for the appellee. Ms. Stone-Seifer, you may want to move the podium down a little bit. Thank you, Your Honor. I am not very tall. Good morning, and may it please the court. I'm Jillian Stone-Seifer, arguing on behalf of court-appointed amicus in support of appellant's position on jurisdiction, and I've reserved two minutes for rebuttal. I'd like to start with the text of the statute because I think that gets us all the way to the right answer here. So we start with B-4. B-4 tells us that there's jurisdiction over any determination regarding awards under paragraphs 1-3. So we look at paragraph 1, which, as Lee tells us, says that these paragraphs apply if the secretary proceeds with any administrative action as a result of a whistleblower claim. What administrative actions? The statute goes on to say any administrative action described in subsection A. Subsection A relates to detecting underpayments of tax or detecting and bringing to trial and punishment people guilty of violating tax laws. Read together, these provisions tell us there is jurisdiction to review the determination when the IRS reaches that determination regarding an award after proceeding with any administrative action for the detecting of underpayments of tax or persons guilty of violating tax laws. That's exactly what happened here. Mr. Meitinger submitted a claim of Form 211. The whistleblower office reviewed it, decided it met the requirements of a claim, and then it referred it on to the IRS, to an IRS operating division where an IRS agent conducted further investigation, including reviewing a taxpayer's returns. That counts as any determination regarding an award under B-1 in that it is a determination not to make an award, and it is a determination after proceeding with any administrative action relating to the detection of unpaid taxes or violations of the tax laws. That gives us the answer. There is jurisdiction. Ms. Schencyfer, why is the action taken by the operating division here a determination regarding an award? Why isn't it similar to the type of non-enforcement decision made by the whistleblower office in the league? It's different in meaningful ways. Does it really matter which part of the IRS decides not to proceed against a taxpayer? It does, I think, and we know that from looking at what the IRS says about what it does at these different stages. When it's at the true threshold, the threshold the whistleblower and the face of the whistleblower's claim. The court said that in chance. When it goes further, when it refers to an operating division, a decision after that is a decision that's based on information about the taxpayer, and that matters, I think, under subsection A, because when you're rejecting a whistleblower claim as inadequate, they didn't fill out their name right. They didn't identify a taxpayer. You're not engaging in any action for the detection of underpayments of tax or to identify a violator, but if you go further and you're looking at the taxpayer's information at that point, you have engaged in any administrative action under A. But the statute doesn't say that you have jurisdiction over actions taken pursuant to information by a whistleblower. It says that we, you know, the tax court has jurisdiction over any determination regarding an award. So where there are no proceeds and there's no action taken against a taxpayer, how do you get under the jurisdictional provision? Yeah, so if you look at just B-4 and you're not looking to the B-1 limitation that Lee found was jurisdictional, I think there that that's even broader. You don't have to find any administrative action. You just have to find any determination regarding an award. And the words any and regarding award. Yeah, regarding an award. That means relating to an award. It doesn't say a positive award. It doesn't say relating to the amount of an award. There can't be an award unless there are proceeds, right? Unless there's been some recovery against a taxpayer. Like in some ways, it seems to me like the, you know, quibbling about what constitutes an action is maybe less important than, you know, the statutory conditions for an award, which is that there has to be some recovery. And where there's no recovery, there's just simply no determination about an award. I think if it said, if the statute said a determination relating to an award that has been made or a determination relating to the amount of an award, that that would be a good reading. But here the language says any, any determination relating to. And that is just broadening language. And if it's hard to say that a decision not to make an award is not a determination relating to an award. Relating to is really broad. If I say I will not be making an award today, that is a determination. The paragraphs one, two, and three, make it clear that an award is after there have been, you know, some recovery of proceeds. I mean, you can't really read paragraphs one, two, and three without there being some sort of proceeds, right? The first, you know, paragraph one is all about, you know, how much an award is, right, between 15 and 30 percent. Award in case of less than substantial contribution, again, suggests that there have been proceeds. Reduction in or denial of award, right? You know, all of these things are about the fact that there's been some recovery. And so, so for, yes, any is a very broadening word, but paragraphs one, two, and three make it clear that an award results from some recovery against the taxpayer. I think paragraphs one through three do make clear that an award is necessary for recovery. For a whistleblower to state a claim, to prevail on the merits, they do definitely need to show that there were proceeds. But that's not what before it says is the barrier to jurisdiction. And in fact, that's going to be a fact that's going to need to be determined at a later point in the proceeding. Asking the whistleblower at the doorstep before gaining access to the administrative record to establish the record that proceeds were collected is closing the door to potentially meritorious whistleblower claims. And the courts are very careful not to do that, to read these merits determinations into the jurisdictional analysis because it's unfair to litigants and because it burdens the court. If the court has to make this determination at the threshold as to whether proceeds were collected, that's going to create additional litigation, additional cases in front of the tax court, and this one addressing this merits determination. They don't have to prove it. I mean, at the jurisdictional threshold, they have to plausibly allege that there were proceeds, right? And then they would have to prove it down the line, but the burden, you know, increases at each stage of litigation. Yes, but if you look at the... So here Mr. Meidinger doesn't claim that there were any proceeds recovered. The letter that Mr. Meidinger received said the IRS decided not to pursue the information you provided. So then why is that not a non-enforcement decision that's unreviewable in any event? Well, a non-enforcement decision, the line of cases talking about non-enforcement being non-reviewable also goes to the merits. It doesn't go to jurisdiction. This court made that clear in a case earlier this year and Citizens United, which is 90F 4th at 1172, page 1181. The court explicitly addressed whether Cheney is a jurisdictional bar and found that it was not, that it was error to consider it a bar to jurisdiction. So while these things may make it easy to resolve some of these cases on the merits to find that the whistleblower is seeking some kind of remedy that is not available, it's wrong, it's error to make that a jurisdictional question. And here I think there's just nothing in the text of the statute that says proceeds are required as a jurisdictional matter. It could have been possible to read B-1 to say the entirety of B-1 is jurisdictional and therefore there have to be proceeds collected as a result of the whistleblower's tip. That's not what the court did in Lease Act. It's not what it did in VRSA, which is undisputedly good law. The court decided not to read the entirety of B-1 as jurisdictional and there's nothing in the text that allows you to draw a line between proceeds collected as a result of the whistleblower's tip and proceeds collected not as a result of the whistleblower's tip. There's just no way to read that into the text of the statute. The Supreme Court has told us over and over again recently to be very careful before we call things jurisdictional. But usually I think it's arisen in the context of Article III courts and our jurisdiction. How should we think about the message coming out of the Supreme Court on the one hand, but this, the tax court, being not an Article III court on the other hand? I think the analysis is the same. Article III courts and the tax courts are all courts of limited jurisdiction. And in every instance there needs to be a statute granting jurisdiction and the case has to fall within the boundaries of jurisdiction. The general rules that the Supreme Court has announced about how you interpret statutory grants of jurisdiction apply equally when you're talking about an Article III court and the tax court. In both instances you want to be careful not to read the grant narrowly in a way that makes merits determinations jurisdictional. It's okay if you don't, but do you happen to know any precedent that says what you just said, where ideally a Supreme Court precedent would say, look, we've been telling the lower courts over and over again, be careful about calling things jurisdictional unless you're really sure that they are jurisdictional. And that principle also applies to non-Article III courts. I'm not thinking of a Supreme Court decision off the top of my head, but LESAC said that. And as my colleague agrees, that portion of LESAC is still binding law and that applied cases that make this very distinction. Thank you. Okay, we'll give you a couple minutes and reply. Thank you. Mr. Vining. Your Honors, I am appealing the improper handling of my whistleblower claim by the IRS whistleblower office and the dismissal of my petition by the tax court. The IRS whistleblower office is divided into two sections, the initial claims evaluation group, which conducts a preliminary evaluation of the claims credibility and relevance, and the subject matter group, which performs a detailed analysis and consults with the IRS operations divisions, whether the taxpayer should be audited and or the claim denied. The administrative actions ensure claims are actionable. The administrative record shows that the whistleblower office made a significant procedural error by investigating the wrong taxpayer. Under 26 U.S.C. 7623B4, I have the right to appeal the IRS's decision and my petition specifically requested a review of whether the whistleblower office follows the proper administrative procedures. The Supreme Court has made it clear that courts are limited to reviewing the cause of action presented in the petition. The whistleblower office procedure review is central to my petition. The tax court dismissed my case without reviewing the record or providing an evidential explanation. The Fifth Amendment guarantees my right to due process, both procedurally and substantially. The whistleblower's office error caused harm to me, including loss of compensation and reputational damage, which establishes my standing under Article III, Section 2 of the Constitution that ensures a judicial review for actions taken by the federal agencies like the IRS. Additionally, under 26 U.S.C. 7482, the Court of Appeals must review that the tax court's decision was made with proper evidence and legal reasoning. This court is responsible for protecting the individual's constitutional rights and must send a clear message to the IRS and the tax court that they cannot strip away those rights by doing nothing or claiming a lack of subject matter jurisdiction. I request that the court review the whistleblower's office procedures and remand the case for further investigation. The integrity of the judicial process demands accountability and this court must act to ensure that the justice is not denied through inaction. Thank you very much. Thank you. Ms. Aveta? Thank you, please. The court, Julia Aveta for the Commissioner. I want to speak very briefly to a point raised earlier about whether a decision not to make an award is a determination regarding an award. The tax court for some time had held that it was in cases called Cooper and Lacey, which this court expressly abrogated in Lee and said that that can't be right. There's no such thing as a negative determination. A decision not to take action is a decision not to even meet the threshold conditions of the statute and therefore is presumptively unreviewable. It's a non-prosecution decision of the type described in Heckler v. Cheney. Does an IRS examination always involve, or an IRS audit always involve at least notifying the taxpayer who is being audited? I believe so. And assume for the sake of this next question that though I might be sympathetic to the theory that that Judge Rao has articulated with regard to reading LISAC narrowly, assume that I think LISAC ties our hands a little bit more than that and that we're not allowed to say that the tax court lacks jurisdiction simply because whenever there are no proceeds. We're not allowed to make that the rule. What do you think of the rule that I floated earlier, which would go something like and the IRS proceeds with an administrative action against the taxpayer when it stops talking to itself and at least make some kind of contact with the taxpayer? There's a nicety there because there are contacts with the taxpayer that can fall short of an heavily on a treasury regulation today, but the IRS has thought this through and has come up with examples of administrative and judicial actions for the purposes of interpreting the statute. The administrative action regulation defines such actions as, for example, an examination, a collection proceeding, a status determination proceeding, or a criminal investigation. Not merely the first communication in any of those or the predicate or predecessor communication to any of those, but the actual initiation of the proceeding. And that's instructive, I think, because the action is more than just calling you and saying, you think something might be going on. There needs to be proceedings. But what if the rule stops short of saying that calling the taxpayer is sufficient for tax court jurisdiction? What if the rule said calling the taxpayer is at a minimum necessary for tax court jurisdiction? I think we are diverging a little from the text of the statute. I understand what you're trying to do and empathize. It's the treasury regulation undertook to solve the same problem, but the challenge we have is that the statute refers to an action with an antecedent provision in the statute that doesn't define action. So there is some play there, but an action has a common meaning, and it needs to mean some sort of proceeding more than simply moving, taking the first step. And there must be, in fact, a line drawing exercise there. I mean, when does a civil action start? When you file a complaint. So you can say, well, the complaint, is the complaint the action? No, but it's where the action initiates. And if you want to frame a rule that way, like what is the absolute necessary minimum prerequisite condition to meet the statutory criterion of an action, that is a more challenging line to draw in an administrative proceeding where possibly there is already an audit underway. And I take the point about the text of the statute. I think we're not drawing, we're not writing on a completely blank slate. Lee is, I think Lee ties our hands to some degree, for better or worse, maybe for the better. Shands, again, for better or worse, maybe for the better. And perhaps the jurisdictional part, LISAC ties our hands. In light of that, you know, I don't think, I think we don't have to say today we have one great, grand, unifying theory for what is an administrative action against a taxpayer. We could just say what's not. And I think what I'm hearing is that it's never going to be an administrative action against a taxpayer when the taxpayer has not been contacted by the IRS. Again, I would, I would be reluctant to draw that rule categorically because of the taxpayers who are already subject to administrative actions. It's a, it's a challenging line to draw because of the way these administrative proceedings are. And they would still have to be notified, maybe not, they would still have to be notified of an expansion of the audit? Well, they wouldn't necessarily be notified of the expansion of the audit. And they may not know that whistleblower information is being used in an audit that's currently underway. I think you've talked me out of it. I'm sorry, I guess. You would have won under it, but you might, you might win bigger under a different theory. We want us all to be on the same page here and we want to get it right. The regulation that you mentioned, is that the regulation that LESAC will reconsider? It is. So is that a reason why we should wait for LESAC? It is not, because the definition of an action is not at issue here, nor in the case directly previous. Sort of, it's not. I mean, I think it is very much an issue whether the things that happen here are administrative actions against the taxpayer. It is, but the court need not parse that term very fine to come to the conclusion that a non-prosecution decision is not an action. This court's own authority holds that it is not, the 11th circuit has held that it's not specifically, in the context of 7623, and Heckler versus Cheney. What about claim three, where you said that there is tax court jurisdiction, but then today, and I don't blame you for taking the offer of an even bigger win, but today you said maybe there's not tax court jurisdiction, isn't that? Our interpretation of LESAC was that a referral and an action were sufficient to establish jurisdiction, and that happened in Kennedy claim three. That did not happen in claims Kennedy one or two, that did not happen in Meininger. That hinges on this court's reading of LESAC, and if this court does not read that as the extent of LESAC's jurisdictional framework, but says instead, oh, that was merely a part of it, and also a necessary prerequisite for jurisdiction in LESAC was that proceeds were collected and there was simply a dispute as to the origin or attribution of those proceeds, then we would actually look at that claim at Kennedy three and say, we are mistaken in our reading of LESAC, and where no proceeds are collected, and there are indisputably no proceeds collected as a result of that audit, then there would be no jurisdiction there as well. I think to do that, we'd have to get around language that I'm about to read from LESAC, and not blaming you, because I think it's a new theory, and maybe a great theory, maybe a correct theory, but how would this theory be consistent with, I'm at the bottom of 1321, left-hand column of LESAC. That referral and examination, no mention of proceeds there, count as the IRS proceeding with an administrative action that was based on the information LESAC brought to the Secretary's attention, and the determination regarding an award was the whistleblower office letter to LESAC informing him that the examination initiated based on the information he provided did not the collection of any proceeds, so he was not entitled to an award. Now, I understand there were, I guess, other proceeds, but do you think we can get around that language? Well, we didn't when we wrote our brief, but the... I have some other language on the LESAC where the panel says, to be sure, unless the IRS has made some adjustment, it is unclear what relief a whistleblower could be seeking, but the whistleblower office in this case made substantial adjustments, which seems to be relevant. May I speak to that? That the question of jurisdiction and the question of remedy are not necessarily concentric, but in that reading, I can see that's a very reasonable way to align them, and say, what is the purpose of exercising this jurisdiction? Are you going to be able to make a meaningful difference in the outcome to a whistleblower, or are we just adding litigation costs on to a foregone conclusion where we know that you can't make the IRS go back and do something different that has already been confided to its discretion and completed pursuant to that discretion? And I think that's a strong reading of a jurisdictional statute to say we're not going to grant or read this statute to create a grant of jurisdiction that extends beyond our ability to grant relief. I think I'm a little uncomfortable with any of the theories we've discussed, because they're treating some things in B-1 as merits, and they're treating some things in B-1 as jurisdictional. I think you would say whether there's been an administrative action, that's jurisdictional. Perhaps after today, you would also say whether there's been proceeds, that's jurisdictional. But whether the proceeds were based on information from the whistleblower, that's not jurisdictional. So we're once again sort of like creating a rule where we are interpreting the statute in a way that puts parts of B-1 in some tension with other parts of B-1. I think the statute has some tension in its drafting. We've already, in Shand's scene, resort to a different subsection, to B-5A, for the language against any taxpayer, which the court recognizes is necessary to the exercise of its jurisdiction, but is rather a field from the framing in B-1. This is not a statute that's well disposed to the maxim that all of our jurisdictional ducts should be in a very tight row. If Lee and Shand, maybe even Lizette, were not binding, they never happened, wouldn't it be something to be said for, something to be said for saying either all of the elements for an award in B-1 are jurisdictional, or all of the elements for an award in B-1 are not jurisdictional. This was our position on brief in LISAC. We took the position that they were. But even now, I think you're saying the based on language in B-1 is not jurisdictional. The based on does not, let's look back at Judge Rouse's framing of what's the remedy. Did we proceed based on your information? That goes to the merits of how much of an award you get. If we did not proceed at zero based on your information, if the taxpayer was already under audit, if you called and said, hey, check out Amazon's cost of goods sold, there's some tip that is congruent with an investigation that's already happening, and I don't know anything about Amazon, that was an rejection or denial of that claim, probably not, because whether or not we proceeded based on your information there would be just a small part of that inquiry. If you're looking instead at a situation as in LISAC where we know you are the but-for cause of scrutiny that would not have happened otherwise, and the regulation is kind of framed in this way in the examples, and I think that the Shands opinion also resorted to the against any taxpayer language through that lens, saying what was caused by you here? We knew that the whistleblower in Shands had participated in, or that the secretary had proceeded with judicial actions, investigation, or criminal investigations and judicial actions against Swiss bankers that he identified, and that was different from the claim that he was litigating in his appeal here in this court. But the elements of the statute giving rise to jurisdiction were potentially present there, unrelated to the based on determination. So this is a roundabout way of saying that our initial reading of the statute was as a whole, and did require many prerequisites to jurisdiction. The court in LISAC, we felt, had a different reading of it, but we appreciate a charitable review of the language in LISAC in light of subsequent authority. Do you think you can read LISAC to allow the based on language to be jurisdictional? I'm not sure that LISAC could be read to put the based on. I don't think LISAC took a position on that certainly was not key to that decision. That would definitely be dicta. It was looking at the components of the proceeding and not the degree of the whistleblower's contribution, because there it was clear that LISAC was the but-for cause. And where you get into a grayer area is where but-for causation is more difficult to prove. If you are providing tips with respect to a taxpayer who is already under audit, who may not know that the IRS may or may not be taking any action based on the information you provide, because they're already in contact with the IRS, they're already dealing with an audit, but if you provide unique knowledge that the IRS did not already have that enables it to apply scrutiny to a taxpayer that it would not have otherwise done, then it is proceeded based on, and the proceeds are attributable to you. So that goes to proceeds. Is it not part of the reasoning of LISAC that whether a whistleblower's information is responsible for some recovery, that's a merits question? So isn't that our panel saying that whether something is based on the whistleblower's information is a merits question, or you don't read it that way? We would not deny that it is, but we would say that this is one of those instances where the jurisdiction and merits questions are concentric, as in tax refund suits, for example, where your entitlement. I don't see how you get the holding you get in LISAC, the judgment you get in LISAC, if based on is a jurisdictional requirement. I can walk that through. In LISAC, there were proceeds and there was an examination, and LISAC said, Fort said, there was jurisdiction, even though the proceeds were not based on the whistleblower's information. So if the proceeds being based on the whistleblower's information were a jurisdictional requirement, then there would have been no jurisdiction in LISAC. So it seems like it has to be a holding of LISAC that you can get jurisdiction even when the proceeds are not based on the whistleblower's information. There was a question in LISAC, whether they were. The question had to do with what was answered. Well, the question was, what was the action that led to the proceeds? And LISAC's position was the entire audit, of which I was the but-for cause, is the action that has led to proceeds, therefore, jurisdiction. And the government said, no, the action is all or part of an internal revenue service proceeding. And we referenced in particular an example in the regulation that said, if the IRS undertakes an administrative action based on your information and sees something unrelated and pursues that, unrelated to other than the instigation of your information, where you're saying, look at cost of goods sold, and IRS says, oh, no, foreign tax credit's over here. Completely unrelated item, unrelated issue. If proceeds are recovered there, as they were in LISAC, it was a different issue and a different tax year, then that is, under the regulation, a different action over which there is not jurisdiction. I mean, so if the taxpayer raises a question about whether the proceeds were based on the taxpayer's information, that's good enough for information. But if the taxpayer raises a question about whether there was an administrative action, that alone is not good enough for jurisdiction, because there has to actually have been an administrative action. There has to have been an administrative action, and I think I want to make sure that the sentence I just completed was correct, because I think I talked to myself in a circle. This court found that there was jurisdiction in LISAC based on the action, but found that the action was the, it read the regulation as reasonable under Chevron, saying that the all or part of language made sense, and that being the but-for cause of an audit was not sufficient. So, where that gets you is there still needs to be an action. There needs to be an administrative action under LISAC. Even under Lee, there needs to be some enforcement decision, as Shands praises it. Whether that is all of an audit or part of an audit is, that goes to the language of the regulation, which the court may yet find, hopefully should find, is the best reading of the statute under liberal right, but that's not what we're here to discuss today. The new theory is even if there is an audit, there still might not be jurisdiction. There might not be. If there's no proceeds collected. Well, this is where based on has to be jurisdictional, because otherwise, any whistleblower who is adjacent to any large ongoing audit can come in and claim jurisdiction by just identifying a taxpayer. I guess I might be able to agree with you that the text suggests based on should be jurisdictional, and I might be able to agree with you that this theory we explore today requires based on to be jurisdictional, but LISAC precludes making based on jurisdiction. We don't read it that way. We see LISAC as establishing threshold criteria for jurisdiction, but those are floors, not  And to me, if based on were jurisdictional, then in LISAC, there would have been no jurisdiction, but I don't want to monopolize anymore. And to the extent that based on is a merits question in LISAC, if that is a correct reading of LISAC, then is LISAC inconsistent with Lee? Because at the end of Lee, the court says the question in this case asks whether 7623b4 confers jurisdiction only when there is both an IRS action based on whistleblower information and proceeds collected from that action. This was if LISAC is inconsistent with Lee, then our circuit precedent requires that we the first case. This was the position that we took on brief in LISAC, and we believe that Lee did compel that reason. But you lost LISAC, at least on whether there's jurisdiction. And so I think Judge Rout's question is a great one. Even though you lost LISAC, can we pretend you didn't lose it? The case has been vacated. That's not her question. But can we, even though you lost LISAC, can we nevertheless go with Lee rather than LISAC because Lee came first? It seems that to the extent that those decisions cannot be reconciled, the earlier one would control. And you don't think there's a way to reconcile them? This is risk sounding much more hostile than I mean to be. I don't mean this, but I thought your whole brief was a reconciliation of Lee and LISAC. Yes, and it has. And we viewed LISAC as a very nuanced reading of the principles in Lee and the language of the statute. But we did not, in our own framing, reach the conclusion that some portion of 7623B1 was more jurisdictional than any other. That did come from the court. And we are following that court's precedent in our briefing here and have made the best and most nuanced arguments we can. But you think the government's position is that the best meaning is that all of those aspects, that you need, you know, you need an action. It has to be based on the whistleblower's information and you need proceeds. All of those are jurisdictional. That is the government's best interpretation. That was the argument that we made in LISAC, yes. And do you now think that that is the best reading? Yes, yes, we do. All right. Thank you.  Ms. Stone, why don't you take two minutes? This court is in need of a clear line for when jurisdiction exists to review a determination on a whistleblower claim. And the clear line is there in the text of the statute. It's what Congress said. And Congress said any determination regarding an award under these paragraphs. Lee says, then you look to B1, which says any administrative action. It doesn't say any contact with a taxpayer. It doesn't say any enforcement decision. It doesn't say initiation of some sort of formal proceeding. It says any administrative action. Congress was careful to make sure that the IRS couldn't shield its actions from review by trying to draw some line around some administrative actions and not around others. If they take any administrative action, we look at what they do. And if that action falls within the text, then there's jurisdiction. And other questions about whether they proceeded to collect proceeds from a taxpayer, those go to the merits. And those are the kinds of questions that this court and the tax court have resolved on the merits for many years. Ms. Stonecipher, I do think it matters very much what an administrative, whether there was an administrative action. But I'm struggling to figure out what is an administrative action. Can you help me with that, please? Yeah. So this court actually, in the portion of LESAC that has been vacated, looked at the plain meaning of the language. And they said any administrative action means any action by an agency. That's why it's important that it looks to A. So B1 references A. It says any administrative action described in subsection A. I mean, but wouldn't that conflict with Lee? I mean, they did write a letter in Lee and say, you lose. That seems like that would satisfy the definition you just gave of an administrative action. Well, it's not an administrative action for the detection of the underpayment of tax. And B1 says any administrative action described in subsection A. Subsection A talks about detecting underpayments of tax or identifying a violator of the tax code. If you're just looking, if you're just looking at the claim itself and whether it was filled out correctly and only information about the whistleblower, you haven't turned to that. So any administrative action for the determination of a tax. I may have bungled. That's right. That's how I think that that's how I think Lee can be reconciled with the text of the statute. And is that the question that LESAC was trying to answer, whether the regulation there properly defined what you just said? I think LESAC was recognizing that the case in that in that that case was different from Lee because it had proceeded past this threshold, threshold rejection and was trying to decide whether to to erect another jurisdictional barrier by looking at the proceeds language in that in B1. And they decided not to go further. And they didn't want to reverse Lee. I mean, Lee is justifiable. It can can work with the statute. But when you're looking at this next question of do we make this next step also jurisdictional, LESAC then looked to the Supreme Court decisions that say, how do we read a statute when we're looking at a jurisdictional question? And the Supreme Court's been really clear. Even if the readings of the statute are equal, even if the reading that makes it jurisdictional is better, that's not enough to read a portion of a statute as jurisdictional. It has to be a clear statement. And there's certainly no clear statement in subsection B or anywhere that collecting proceeds is jurisdictional, that there's any specific type of administrative action that's jurisdictional, such as an examination. That's just not there. And it would be inconsistent with the way the Supreme Court and this court talk about jurisdiction to make those things. Presidents say we're not imposing a magic words requirement. So you don't have to say jurisdictional in the statute. But here it does say jurisdictional. Well, before it does say jurisdiction, but B1 doesn't. And before incorporates, you agree before incorporates B1. It talks about any determination under B1. And Lee has read that to me and that you have to. There are no determinations until you begin with any administrative action. And I think that's reasonable. But I think in terms of extending that, the court needs to think carefully about how clear the text of the statute is about that being a jurisdictional bar. All right. Ms. Stonecipher, you were appointed by the court. We thank you for your very, very able assistance. Thank you, Your Honor. It's been a pleasure.
judges: Henderson; Rao; Walker